1   Bradley D. Blakeley (State Bar No. 189756)
2   E-Mail: Blakeley@BlakeleyLawGroup.com
    BLAKELEY LAW GROUP
3   4533 MacArthur Blvd., Suite A
    Newport Beach, CA 92660
4   Telephone: (949) 275-4666
5
6   Attorneys for Plaintiff,
    Colutions, LLC
7                     UNITED STATES DISTRICT COURT
8                    CENTRAL DISTRICT OF CALIFORNIA
9
                          NORTHERN DIVISION
10

| | |
|---|---|
| 11 COLUTIONS, LLC, a Colorado limited liability company, | Case No. _____ |
| 12 | |
| 13                     Plaintiff, | **COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY** |
| 14 v. | **OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY TO COMMIT** |
| 15 VENTURA SEED COMPANY, LLC, a California limited liability company; | **VOIDABLE TRANSFERS; (3) COMMON LAW FRAUDULENT** |
| 16 VENTURA SEED COMPANY, INC., a California corporation; FOUR2NADA, | **TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST** |
| 17 INC., an Oregon corporation; FOUR2NADA, INC., a California | **ENRICHMENT; (6) INJUNCTION** |
| 18 corporation; ISHAPUR SOURCE, INC., a Delaware corporation; ISHAPUR, | |
| 19 LLC, an Alabama limited liability company; RICHARD TROWE, a/k/a | |
| 20 RIKI TROWE, a California resident; SUSAN MARRON, a California | |
| 21 resident; SHANE ELLIS, a/k/a AKASHA ELLIS, an Alabama resident; | |
| 22 PAMELA ELLIS, a Georgia resident; and ALBERT J. ELLIS, JR., a Georgia | |
| 23 resident. | |
| 24                     Defendants. | |

25
26
27
28

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2)
CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF
FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

Plaintiff Colutions, LLC ("Plaintiff") hereby files this Complaint for Avoidance and Recovery of Voidable Transactions against defendants Ventura Seed Company, LLC ("VSC LLC"), Ventura Seed Company, Inc. ("VSC INC."), Four2Nada, Inc., an Oregon corporation ("F2N OR"), Four2Nada, a California corporation ("F2N CA"), IshaPur Source, Inc. ("IshaPur Inc."), IshaPur, LLC ("IshaPur LLC"), Richard Trowe, a/k/a Riki Trowe ("Trowe"), Susan Marron ("Marron"), Shane Ellis, a/k/a Akasha Ellis ("S. Ellis"), Pamela Ellis ("P. Ellis"), and Albert Ellis ("A. Ellis")(collectively, the "Defendants"), and in support alleges that:

## NATURE OF THE ACTION

1.      This Complaint arises out of the Defendants' fraudulent scheme to foreclose Plaintiff's legal right and ability to enforce a judgment entered on October 6, 2020 against VSC LLC confirming an arbitration award in the amount of $842,541.48, plus $177.63 in interest per day under until paid in full (the "CO Judgment").  The CO Judgment was entered in the United States District Court of Colorado, Case No. 20-cv-03222-RM-GPG (the "Underlying Action").  A true and correct copy of the CO Judgment is attached hereto as Exhibit A.

2.      The arbitrator found that VSC LLC breached its contract with Plaintiff by failing to pay its commissions due under the Sales Representative Agreement and the Addendum that was executed by the parties on March 26, 2019.  The sum represented 10% of VSC LLC's gross revenues received and earned by VSC LLC on its contracts with Canopy Growth USA, LLC ("Canopy"), less commissions VSC LLC previously paid Plaintiff.

3.      The arbitrator explicitly found that Plaintiff's right to payment from VSC arose upon receipt of the payments from Canopy stating:

> The two pertinent questions the Arbitrator must resolve are: (1) Did VSC receive the money from Canopy which was ultimately paid to the farmer; and (2) was it non-refundable?

> From an accounting and contractual perspective, the answers to both questions are yes. Once the money was received and was non-refundable, it was part of VSC's gross revenue and commissionable.

(See Arbitrator's Order # 5—Interim Award attached as Exhibit B, p. 12)

4.     After Canopy paid VSC LLC directly or through VSC Inc., VSC LLC failed to pay Plaintiff its full commission due.  Instead, Trowe and S. Ellis, the Chief Executive Officer and Farm Operations Lead of VSC LLC, respectively, began transferring monies from VSC LLC to VSC LLC's insiders, F2N OR and IshaPur, as well as directing monies earned by VSC LLC to VSC Inc., leaving VSC LLC insolvent.

5.     The transfers of assets to F2N OR, IshaPur and VSC Inc. were the first steps in a calculated plan to shield assets so that they could not be used to pay Plaintiff's claim and satisfy the CO Judgment, once rendered.  VSC LLC also transferred monies to the parents of S. Ellis, P. Ellis and A. Ellis, after Plaintiff's claim arose.

6.     In furtherance of its efforts to hinder and delay Plaintiff's enforcement of the CO Judgment, VSC LLC filed a frivolous motion to set aside entry of the default to Plaintiff's petition to confirm the arbitration award, which was denied.  On October 15, 2021, pursuant to Plaintiff's motion under 28 U.S.C. § 1927, the Colorado District Court awarded Plaintiff $29,780 in sanctions against VSC LLC's counsel.

## THE PARTIES

7.     Plaintiff is a Colorado limited liability company with its principal office in Aspen, Colorado.

8.     Defendant VSC LLC is a California limited liability company with its last known principal place of business located at 1014 W. Ventura Blvd., Camarillo, California 93010 ("Camarillo Farm"). F2N OR and IshaPur Inc. are the sole members

of VSC LLC.

9.     Defendant VSC Inc. is a California corporation with its principal place of business located at 11133 Parkland Dr., Truckee, California 96161 (the "Trowe and Marron Truckee Residence"), pursuant to the records of the California Secretary of State.

10.     Defendant F2N OR is an Oregon corporation with its principal place of business located in Corbett, Oregon, pursuant to the records of the Oregon Secretary of State.  F2N OR did business from 1721 Walnut Ave., Manhattan Beach, California 90266 ("Manhattan Beach Vacation Residence") and its mailing address is the Trowe and Marron Truckee Residence, pursuant to the records of the Oregon Secretary of State.

11.     Defendant F2N CA is a California corporation with its principal place of business located at the Trowe and Marron Truckee Residence, pursuant to the records of the California Secretary of State.

12.     Plaintiff is informed and believes that Defendant Trowe is: (1) an officer of VSC LLC; (2) the sole officer and shareholder of VSC Inc.; (3) an officer and shareholder of F2N OR; and (4) an officer and shareholder of F2N CA. Trowe is a resident of California with his principal residence at the Trowe and Marron Truckee Residence.

13.     Plaintiff is informed and believes that Defendant Marron is: (1) an officer and shareholder of F2N OR; and (2) an officer and shareholder of F2N CA. Marron is a resident of California with her principal residence at the Trowe and Marron Truckee Residence.

14.     VSC Inc. is and all relevant times was the alter ego of Trowe because, *inter alia*: (1)  Trowe is the Chief Executive Officer, Secretary and Chief Financial Officer of VSC Inc.; (2) sole Director of VSC Inc.; (3) sole shareholder of VSC Inc.;

(4) VSC, Inc.'s principal place of business is located at the Trowe and Marron Truckee Residence; (5) VSC Inc. was undercapitalized for its business activities; (6) Trowe and VSC Inc. engaged in transactions with VSC Inc. that were not arms-length; (7) Trowe treated VSC Inc.'s assets as his own and misappropriated them for his own benefit, including a Lamborghini payment, and payments in excess of $100,000 to Trowe's children for school tuition and other personal expenses.  Trowe and VSC Inc. share a unity of interest such that failure to disregard their separate entities would result in fraud and/or injustice.

15.     F2N OR and F2N CA are and all relevant times were the alter egos of Trowe and Marron because, *inter alia*: (1)  Trowe and Marron are the sole officers of F2N OR and F2N CA; (2) Trowe and Marron are the sole shareholders of F2N OR and F2N CA; (4) F2N OR conducted business from Trowe and Marron's Vacation Residence; (5) F2N CA's principal place of business is located at Trowe and Marron Truckee Residence; (6) F2N OR and F2N CA were undercapitalized for their business activities; (7) Trowe and Marron engaged in transactions with F2N OR and F2N CA that were not arms-length; (8) Trowe and Marron treated F2N OR and F2N CA's assets as their own and misappropriated them for their own benefit, including lease payments in excess of $100,000 for the Manhattan Beach Vacation Residence, $50,000 to an Audi dealership, and payments in excess of $100,000 to Trowe's children for tuition and other personal expenses.  Trowe, Marron, F2N OR and F2N CA share a unity of interest such that failure to disregard their separate entities would result in fraud and/or injustice.

16.     Defendant IshaPur Inc. is a Delaware corporation with its last known principal place of business located at the Camarillo Farm.

17.     Plaintiff is informed and believes that IshaPur Inc. is and all relevant times was the alter ego of S. Ellis because, *inter alia*: (1) S. Ellis is an officer of VSC

Inc.; (2) shareholder of VSC Inc.; (3) IshaPur Inc. was undercapitalized for its business activities; (4) S. Ellis and IshaPur Inc. engaged in transactions that were not arms-length; (5) S. Ellis treated IshaPur Inc.'s assets as his own and misappropriated them for his own benefit.  S. Ellis and IshaPur Inc. share a unity of interest such that failure to disregard their separate entities would result in fraud and/or injustice.

18.     Defendant IshaPur LLC is an Alabama limited liability company with its principal place of business located at 4019 Glenwood Ave., #3, Birmingham, Alabama 35222, pursuant to the records of the Alabama Secretary of State.

19.     Plaintiff is informed and believes that Defendant S. Ellis is: (1) the sole officer and shareholder of IshaPur Inc.; and (2) sole officer and member of IshaPur LLC. S. Ellis is a resident of Alabama.

20.     Plaintiff is informed and believes that P. Ellis is a resident of Georgia with her principal residence located at 245 Hedge Row Hollow, Roswell, Georgia 30076-1014.

21.     Plaintiff is informed and believes that A. Ellis is a resident of Georgia with his principal residence located at 245 Hedge Row Hollow, Roswell, Georgia 30076-1014.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under principles of pendent jurisdiction.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. Venue is appropriate in the Central District of California because VSC's principal place of business is in Ventura County, California, and the wrongful acts alleged herein were

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

initiated and carried out by the Defendants through acts in Ventura County, California.

**GENERAL ALLEGATIONS**

24.     Trowe and S. Ellis were at all relevant times responsible for the day-to-day management of VSC LLC and VSC Inc.

25.     On May 3, 2019, Trowe through F2N OR made a capital contribution to VSC LLC in the amount of $4,300.  On May 21, 2019, S. Ellis through IshaPur Inc. made a capital contribution to VSC LLC in the amount of $3,400.  Copies of the checks are attached hereto as Exhibit C.

26.     From May 2019 through July 2021, VSC LLC deposited and/or transferred into its Bank of the West account monies in excess of $23,000,000.

27.     On June 25, 2019, Plaintiff's principal, Eric Krudener, made demand on Trowe for VSC LLC to pay Plaintiff all unpaid and overdue commissions, which Trowe refused and failed to pay.

28.     Instead, from June 2019 through July 2020, VSC LLC, through Trowe and S. Ellis, transferred $2,193,182.93 to F2N OR (collectively, the "F2N Transfers").

29.     In addition, from June 2019 through July 2021, VSC LLC, through Trowe and S. Ellis, transferred $338,090.03 to IshaPur Inc. (collectively, the "IshaPur Transfers").

30.     From May 2019 through June 2020, VSC LLC, through Trowe and S. Ellis, withdrew cash totaling $99,271.32 (collectively, the "Cash Transfers").

31.     From December 2020 through July 2021, VSC LLC, through Trowe and Ellis, paid A. Ellis $78,000 (collectively, the "A. Ellis Transfers").

32.     On June 7, 2019, VSC LLC paid P. Ellis $102,500 ("P. Ellis Transfer").

33.     The F2N Transfers, IshaPur Transfers, Cash Transfers, A. Ellis Transfers, and P. Ellis Transfer are referenced herein collectively as the "Voidable Transfers."

34.     In addition, VSC LLC, through Trowe and/or S. Ellis, made substantial

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

7

luxury purchases, including:

      a.      On June 25, 2019, VSC LLC, through Trowe and/or S. Ellis, purchased an automobile from Manhattan Beach Toyota for $45,097.06.

      b.      On August 4, 2019, VSC LLC, through Trowe, paid Audi Pacific $41,597.88.  On the same day, F2N paid Audi Pacific $50,000 for a combined to total of $91,597.88 for the purchase of a luxury automobile.

      c.      From May through July 2019, VSC LLC, through Trowe and S. Ellis spent in excess of $50,000 in private jet charter expenses.

35.      Throughout the arbitration proceedings, Trowe and S. Ellis maintained that the payments made by VSC LLC were to farmers and other legitimate creditors and not to insiders of VSC LLC.

36.      Because of the Voidable Transfers made by VSC LLC, the funds that VSC LLC should have paid to Plaintiff were not but instead paid to Defendants and other third parties for the benefit of Defendants.  Defendants, and each of them, were and are fully aware diverted funds that should have been, but were not, used to pay Plaintiff.

37.      Defendants, and each of them, knowingly conspired to and did enact a fraudulent scheme designed to prevent Plaintiff from being paid on its claim and recovering on the CO Judgment, thereby unjustly enriching Defendants.

38.      The fraudulent transactions that the Defendants participated in or otherwise facilitated to accomplish their scheme therefore should be voided.  Voiding those fraudulent transactions is the only way Plaintiff can finally recover the money which it is legally entitled.

39.      Defendants knew and intended that the Voidable Transfers from VSC LLC to Defendants would render it insolvent and unable to pay the CO Judgment.

40.      In the summer of 2021, VSC LLC ceased operating.

41.     On June 17, 2021, Plaintiff registered the CO Judgment in this U.S. District Court, Central District of the State of California.

42.     On August 11, 2021, a Writ of Execution was issued against VSC LLC.

43.     On September 7, 2021, the U.S. Marshal returned the Writ of Execution executed upon the Bank of the West, and only $9,549.53 of the CO Judgment was satisfied.

44.     The transfer of all of VSC LLC's assets that would have been available to pay the CO Judgment to the remaining Defendants must be voided that VSC LLC has made to the remaining Defendants with the knowledge that the Voidable Transfers are fraudulent and for the purpose of shielding assets from payment of the CO Judgment, and any other transactions that the Defendants participated in or otherwise facilitated to accomplish their fraudulent scheme.

45.     Plaintiff seeks the Court's assistance to undo the Voidable Transfers so that Plaintiff can collect the CO Judgment and finally receive recompense for the injury caused by VSC LLC.

## FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Intentional Voidable Transfers and Other Relief, Cal. Civil Code § 3439.04(a)(1))**

**(Against All Defendants)**

46.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 45, inclusive, as though set forth in full herein.

47.     Plaintiff is a "creditor" of VSC LLC within the meaning of California Civil Code § 3439.01.

48.     VSC LLC is a "debtor" within the meaning of California Civil Code §3439.01. Each of the remaining Defendants is a "person" within the meaning of

California Civil Code § 3439.01, as each is a person liable to Plaintiff on a "claim" within the meaning of California Civil Code § 3439.01.

49.    Each of the Voidable Transfers meet the statutory definition of "transfer" pursuant to California Civil Code § 3439.01 with respect to VSC LLC as they constitute a "direct or indirect" disposal of "an asset or an interest in an asset" by VSC LLC.

50.    Each of the remaining Defendants is an "insider" of VSC LLC within the meaning of California Civil Code § 3439.01.

51.    The Voidable Transfers occurred after Plaintiff claim against VSC LLC arose. The Voidable Transfers were made by VSC LLC with actual intent to hinder, delay and defraud Plaintiff.  Specifically, Trowe and S. Ellis caused VSC LLC to make these Voidable Transfers to or for the benefit of the Defendants to fund their opulent personal lifestyle and personal proclivities and not to sustain or promote the business of VSC LLC, even though they knew or consciously or recklessly chose to ignore facts known to them that strongly suggested that VSC LLC was in dire financial straits and was undercapitalized, insolvent, and unable to pay its debts as they became due in the ordinary course of business.

52.    The Defendants did not take any of the Voidable Transfers for a reasonably equivalent value and/or did not take such Voidable Transfers in good faith. Specifically, the Defendants (i) knew that they were being paid by VSC LLC because they received checks or wire transfers from that entity; and (ii) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested the goods and/or services, if any, provided by them for such payments or liens conferred no or less than substantially equivalent value upon VSC LLC.

53.    Plaintiff is entitled to the avoidance of the Voidable Transfers from VSC LLC to the remaining Defendants to the extent necessary to satisfy Plaintiff's claim

against VSC LLC in the amount of $832,991.95 ($842,541.48 judgment minus levy of $9,549.53), together with post-judgment interest awarded under the CO Judgment to date totaling $84,257.62, and attorneys' fees incurred in this action.

54.    As described throughout this complaint, the Defendants, and each of them, have engaged in and otherwise facilitated Voidable Transfers with the specific intent to hinder, delay and/or defraud Plaintiff in its effort to collect the CO Judgment against VSC LLC.

55.    Knowing that Plaintiff's claim had not been paid and that an imminent and substantial judgment would likely be entered against VSC LLC, Trowe and S. Ellis decided to and did, with the remaining Defendants' willing assistance, fraudulently convey VSC LLC's assets in such a way that those assets could not be used to satisfy the CO Judgment.  Defendants aided and abetted Trowe and S. Ellis' illegal scheme through the Voidable Transfers described herein for the Defendants' collective and individual benefit.  Such Voidable Transfers include, but are not limited to, the transfer of $2,193,182.93 to F2N OR, $338,090.03 to IshaPur Source, cash totaling $99,271.32, transfers of $78,000 to A. Ellis and transfer of $102,500 to P. Ellis, and all other transfers that the Defendants participated in or otherwise facilitated with the intent to shield VSC LLC's assets from garnishment to satisfy the CO Judgment.

56.    The Defendants' Voidable Transfers involve classic badges of fraud:

a.    The Voidable Transfers to were and are made to insiders and because the Defendants planned those Voidable Transfers.

b.    The Voidable Transfers all occurred after Plaintiff's claim arose.

c.    The funds transferred to which each of the Defendants knew were fraudulent and were for the sole purpose of preventing payment of Plaintiff's claim and thereafter the CO Judgment against VSC LLC to benefit each of the Defendants individually and collectively.

d.     The Voidable Transfers were substantially all of VSC LLC's assets at the time that they were made as evidenced by, among other things, the Voidable Transfers left nothing for Plaintiff to garnish and that VSC LLC is no longer operating.

e.     Throughout the pendency of the arbitration, VSC LLC, through Trowe and S. Ellis, maintained that VSC LLC's insolvency was a result of payment of farming and other legitimate expenses and concealed any payments to insiders.

f.     VSC LLC was intentionally rendered insolvent by virtue of the Voidable Transfers because the sum of its debts was greater than its assets as a result of those Voidable Transfers.  This insolvency was purposefully attained with the intent by the Defendants, and each of them, to defraud Plaintiff and/or improperly prevent Plaintiff from obtaining payment of its claim and collection on the CO Judgment.

57.    As a result of the Defendants' individual and collective actions and of their fraudulent scheme, Plaintiff has not recovered anything close to the amount of the CO Judgment owed by VSC LLC.  As things currently stand, Plaintiff will never recover the amount of the CO Judgment without the fraudulent scheme being voided and the assets that should have been made available to pay the judgment being made available to pay the CO Judgment.  Instead, each of the Defendants has used the money that should have been paid to Plaintiff for their own benefit.

58.    Plaintiff has been damaged by the Defendants' conduct because it has been unable to recover on the CO Judgment and by having to incur costs and expenses in pursuing enforcement against VSC LLC, including the cost and expense of seeking relief in this action and instituting judgment enforcement proceedings in Los Angeles and Nevada counties, which expense and effort would have been unnecessary had the

Defendants not orchestrated and then completed the Voidable Transfers, and by the loss of use of funds that Plaintiff would have obtained but for the Defendants' Voidable Transfers.

59.     Because of the foregoing, Plaintiff is entitled to set aside the Voidable Transfers pursuant to California Civil Code sections 3439, et seq.

## SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of Constructive Voidable Transfers and Other Relief, Cal. Civil Code § 3439.05(a))**

**(Against All Defendants)**

60.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 59, inclusive, as though set forth in full herein.

61.     Plaintiff is a "creditor" within the meaning of California Civil Code § 3439.01.

62.     Each of the Voidable Transfers was made by VSC LLC without receiving reasonably equivalent value in return, and the Voidable Transfers were not made in good faith.

63.     At all relevant times, VSC LLC (i) was insolvent, or became insolvent as a result of each such Transfer; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

64.     Plaintiff is entitled to the avoidance of the Voidable Transfers from the remaining Defendants to the extent necessary to satisfy Plaintiff's claim against VSC LLC in the amount of $832,991.95 ($842,541.48 judgment minus levy of $9,549.53), together with post-judgment interest awarded under the CO Judgment to date totaling

$84,257.62, and attorneys' fees incurred in this action.

65.     Because of the foregoing, Plaintiff is entitled to set aside the Voidable Transfers pursuant to California Civil Code sections 3439, et seq.

### THIRD CLAIM FOR RELIEF
### (Conspiracy to Commit Voidable Transfers)
### (Against All Defendants)

66.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 65, inclusive, as though set forth in full herein.

67.     Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants were aware of Plaintiff's claim.

68.     Plaintiff is informed and believes and thereon alleges that Defendants, all affiliates, partners, shareholders, members, officers, employees and/or relatives thereto, formed and operated a conspiracy to fraudulently make the Voidable Transfers in an effort to frustrate and hinder Plaintiff from enforcing its claim against VSC LLC.

69.     Defendants made the Voidable Transfers alleged herein pursuant to, and in furtherance of, their conspiracy and afore-alleged agreement, all to Plaintiff's detriment, which detriment was known to and intended by the Defendants, and for each Defendant's benefit.

70.     At the time of the conspiracy, the Defendants knew of Plaintiff's claim against VSC LLC.  Defendants knew that Plaintiff's claims could only be satisfied by VSC LLC's assets.  And the Defendants, and each of them, knew such assets and property could not be used to pay the CO Judgment if they were transferred to Defendants.  As a result of this knowledge, and with the specific intent by each of the Defendants to prevent satisfaction of the CO Judgment owed to Plaintiff, the Defendants intentionally, willfully, fraudulently and maliciously conspired to make

and then made the Voidable Transfers to defraud and to oppress Plaintiff as alleged herein.

71.    Defendants' conspiracy and Voidable Transfers have accomplished their intended purpose to date, as Plaintiff has been unable to collect on the CO Judgment against VSC LLC despite its diligent efforts to do so solely because of the Voidable Transfers alleged herein.

72.    Plaintiff is entitled to damages against Defendants in the amount of $832,991.95 ($842,541.48 judgment minus levy of $9,549.53), together with post-judgment interest awarded under the CO Judgment to date totaling $84,257.62, and attorneys' fees incurred in this action.

73.    Plaintiff is also entitled to punitive damages against Defendants in an amount to be determined at trial but believed to be in excess of one million dollars.

74.    Because of the foregoing, Plaintiff is entitled to set aside the Voidable Transfers pursuant to California law.

## FOURTH CLAIM FOR RELIEF

### (For Common Law Fraudulent Conveyances)

### (Against All Defendants)

75.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 74, inclusive, as though set forth in full herein.

76.    Defendants are liable for common law fraudulent conveyance as a result of deliberately engaging in a scheme to transfer VSC LLC's monies and to shield such assets from collection in satisfaction of Plaintiff's claim, which assets would otherwise be subject to collection under California law, and by knowingly and intentionally transferring such assets.

77.    As a result of the conduct by the Defendants alleged herein, Plaintiff has

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

15

suffered damages and is likely to suffer additional damages in the future.  Plaintiff is being hindered in and/or completely prevented from recovering the CO Judgment. Plaintiff is further incurring, among other things, damages as a result of the loss of use of funds Plaintiff should have recovered to date and the fees, costs and other expenses it has incurred in contesting the Defendants' misconduct.

78.    Defendants have acted with fraud, malice and oppression with regard to Plaintiff though the planning and execution of the Voidable Transfers, as previously described herein, and through VSC LLC's ongoing refusal with the assistance of Defendants to satisfy the CO Judgment for the direct benefit of Defendants.

79.    Because of the foregoing, Plaintiff is entitled to set aside the Voidable Transfers alleged herein pursuant to California law.

**FIFTH CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty)**

**(Against All Defendants)**

80.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 79, inclusive, as though set forth in full herein.

81.    At all relevant times herein, VSC LLC (i) was insolvent, or became insolvent as a result of each such Voidable Transfer; (ii) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

82.    As the managers of VSC LLC, Trowe and S. Ellis owed the duties of a fiduciary to VSC LLC, including the duties of undivided loyalty to VSC LLC and to act in VSC LLC's best interest, which prohibited them from undertaking or

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

1   participating in activities adverse to the interests of VSC LLC and its creditors.

2   83.   Because Trowe and S. Ellis were ultimately responsible for overseeing the

3   day-to-day business operations and financial performance of VSC LLC, and involved

4   in supervising all aspects of VSC LLC's financial affairs, at all relevant times, they

5   were well aware of the dire financial condition and insolvency of VSC LLC.

6   84.   Despite this knowledge, Trowe and S. Ellis caused VSC LLC to make the

7   above-described transfers to or for themselves and the other Defendants in violation of

8   VSC LLC' s rights and obligations to its creditors.

9   85.   In so doing, Trowe and S. Ellis breached their fiduciary duties to VSC

10  LLC, and was a direct and proximate cause of, and a substantial factor in causing

11  damage to VSC LLC and its creditors in the amount of the Voidable Transfers made by

12  VSC LLC to or for their own benefit and the benefit of the other Defendants.

13  86.   The wrongful conduct of Trowe and S. Ellis as alleged in this claim for

14  relief, was willful, wanton, malicious, oppressive, outrageous and fraudulent, and

15  justifies an award of punitive damages in an amount sufficient to punish said

16  Defendants and deter future conduct of this type.

17                    **SIXTH CLAIM FOR RELIEF**

18              **(Restitution To Avoid Unjust Enrichment)**

19                    **(Against All Defendants)**

20  87.   Plaintiff realleges and incorporates herein by reference each and every

21  allegation set forth in paragraphs 1 through 86, inclusive, as though set forth in full

22  herein.

23  88.   Defendants were unjustly enriched through their actions by, among other

24  things, receiving funds that should have been paid to Plaintiff but instead were used to

25  further business or personal interests.  Such unjust enrichment has been entirely and

26  directly at Plaintiff's expense.

27

28  COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2)
    CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF
    FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

                                17

89.     It would be unjust for the Defendants to retain such ill-gotten gains and equity demands they transfer all such ill-gotten gains to Plaintiff.

## SEVENTH CLAIM FOR RELIEF

### (Issuance of an Injunction Pursuant to California Civil Code §3439.07(a)(3)(A))

### (Against All Defendants)

90.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 89, inclusive, as though set forth in full herein.

91.     Plaintiff is informed and believes and thereon alleges that VSC LLC is insolvent in the sense that it is not paying his debts as they come due and has ceased operating.

92.     In light of VSC LLC's insolvency, Plaintiff will be irreparably harmed unless Defendants are restrained from transferring their assets during the pendency of this action.

93.     Plaintiff is entitled to an injunction restraining Defendants, and their representatives, agents, and attorneys from selling, transferring, conveying, encumbering, re-financing or otherwise disposing of any ownership interest in any property during the pendency of this action.

## PRAYER

**WHEREFORE,** Plaintiff prays for relief as follows:

For entry of an order:

1.      Voiding all Voidable Transfers in an amount necessary to satisfy the $832,991.95 ($842,541.48 judgment minus levy of $9,549.53) of the CO Judgment;

2.      Requiring the Defendants to effectuate the transfer of any assets that were fraudulently transferred to Defendants as described herein, plus interest, to be approved by the Court and in an amount necessary to satisfy the CO Judgment;

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

18

3.    After the funds and other property are transferred, authorizing Plaintiff to levy execution on such transferred amounts as necessary to satisfy the judgment in the Underlying Action, plus post-judgment interest;

4.    Authorizing Plaintiff to levy execution against Defendants as necessary to satisfy the CO Judgment;

5.    For an immediate preliminary and/or permanent injunction enjoining each Defendant and all those acting under their direction or control, including their children, other relatives, business associates or friends, from any actions, including, but not limited to, transfers, distributions, dissipations or any other diminishment of the assets of VSC LLC as of the date of this Complaint, or any other actions that may endanger Plaintiff's right to collect the full sum of the relief sought by this action;

6.    For an award of damages to Plaintiff to compensate it for the harm caused by the Defendants' wrongful actions;

7.    For an award of punitive and exemplary damages in an amount sufficient to punish the Defendants' fraudulent, malicious or oppressive conduct and deter such conduct in the future;

8.    For an award of all costs incurred by Plaintiff herein and in related proceedings to enforce the CO Judgment;

9.    For an award of all attorneys' fees incurred by Plaintiff herein and in related judgment enforcement proceedings to enforce the CO Judgment;

10.    For an award of pre-and post-judgment interest on all amounts awarded; and

/ / /

/ / /

/ / /

COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF VOIDABLE TRANSACTIONS; (2) CONSPIRACY; (3) COMMON LAW FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) UNJUST ENRICHMENT; (6) INJUNCTION

19

11.     For any and all such other and further relief as may be just and proper, including, but not limited to, any and all relief that may be available under or permitted by California Civil Code sections 3439.01 et seq. or any other applicable law.

Dated: February 2, 2022

Respectfully submitted,

BLAKELEY LAW GROUP

By: *Bradley D. Blakeley*

     Bradley D. Blakeley
Attorneys for Plaintiff,
Colutions, LLC